I fully concur in the majority's analysis and disposition of appellant's first, third, fourth and sixth assignments of error.
As to appellant's second assignment of error, I disagree with the majority's conclusion the tape recordings would have been admissible under Evid.R. 801(D)(2) against Mr. Lewis had the trials been separated. The alleged error goes to the admission of Mr. Parker's statements, not the responses made by Mr. Lewis to Officer Baroni upon hearing Parker's statements. Despite this disagreement and, assuming, arguendo, the tapes contained inadmissible hearsay, I agree with the majority appellant has not satisfied the second prong of the Strickland test.[1]
As to appellant's fifth assignment of error, I fully concur in the majority's analysis and disposition regarding defense counsel's failure to request an instruction on aggravated assault. However, I am not yet convinced defense counsel's performance fell below an objective standard of reasonable representation for failing to move for severance of trials under Crim.R. 14. To so conclude requires us to find the trial court would have abused its discretion in denying severance had the motion been made. Nevertheless, assuming,arguendo, this failure did fall below such standard, I agree with the majority the second prong of Strickland has not been met.
I concur in the decision to affirm appellant's conviction and sentence.
 --------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] The majority opinion does not address appellant's separate claim of ineffective representation for failing to request a curative instruction after the introduction of the victim's (Parker) identification of appellant from a photo lineup. Based upon the courtroom identifications by Eddy and Williams and appellant's admission to Ms. Reardon, I find appellant again fails to satisfy the second prong of Strickland as to this claim.